Judge Mills
delivered the Opinion of the Court.
These three cases are three warrants brought before a justice of the peace, on three notes of fifty dollars each, executed by Young the defendant in error, to Thomas Triplett, and by him assigned to Davis, the now plaintiff in error. And as the three notes were given for different instalments of the same contract, and for the same consideration, and admit of the same defence, and the same defence was in fact made in the court below, all the cases may be considered in one opinion, and the judgments in each, be rendered in this court accordingly.
The justice of the peace rendered judgments against each note, whereupon Davis appealed to the circuit court, pursuant to the acts of assembly increasing the jurisdiction of justices of the peace, from five pounds to fifty dollars.
In the circuit court, Young putin a special to each note, alleging that each was given for no consideration good or valuable, but' was voluntary. To these pleas, replications were filed, traversing the pleas, and forming an issue in a formal manner. On the trial, the defendant in error introdred proof, conducing to shew that the notes were executed by him to Triplett, the payee and assignor, for a tract of land sold and conveyed by deed of quit claim from Triplett to him, and that the title
wbich Triplett held, was derived from a sheriff’s sale by execution against William Barnaby Sears, the patentee,- and that when the sheriff’s sale was *382 made, and long before. Sears, the defetrdanf in the-execution, was dead; auii that fact was known to r£riplett when he purchased under the execution, and that he had concealed this fact, when he sol cito Young, who was ignorant of it, and by representing the title derived from the sheriff to be good, had induced Young to take the conveyance for whirl* these notes were given, without recourse. This evidence was objected to as inadmissible and irrelavent- But the court below overruled the object tion, and admitted the evidence, and the plaintiff la error excepted, and verdict and judgments having been rendered against him, he has brought tae causes to this court bj w riis of error.
fo afSdavit jis ..eoossaiy to ■mi'oach or go into the coris>irieralir*n of a note above five pounds and no! exceeding jsfty dollars.
It is here insisted, that the admission of this evidence was improper., because the consideration of síícb notes under seal, could not he impeached by pica at common law. until the Act of Assembly of 1801, 1 Dig L. K 257, tolerating such pleas; and that as the act of 1815, 1 Dig. L. K. 265, requires-such pleas to be supported by affidavit, and there was no plea in ties ¡ ase which accorded with the evidence supported bv affidavit, the defence was inadmissible. This argument is attempted to be upheld by analogy to the plea of nonest factum, which was requii >>d to. be sworn to, before the jur risitiction of justices of the peace was increased, and «'hat such a defence must he supported by oath ever since these acts were passed.
This argument might be considered as conclusive against rhe admission of this evidence, if the- act which requires pu-a.- impeaching tlm consideration to be supported by oath, had passed previous to the acts increasing the jurisdiction of justices of the peace. But the act of 1801, which first admitted such pleas,, did not require them to be sworn to, and no such oath was required till the. year 1815. In the mean time, by acts of 1811 and 1812, the jurisdiction of justices was enlarged, and one1.of the acts on this subject, contains a provision declaring it shall not be necessary for the plaintiff in the warrant to file a declaration, nor shall the parties bo bound to any particular formalities in ^loading or otherwise, provided that the drct\i& *383 tibtiris bn appeals to them, may make surb orders as they shall deem neressary tor a fair and speedy trial of the cause on its merits. -
Plea of no consideradenote waf voluntary, is not supported therew'as consideration fraudulently bTobTisoe'1* supposed by obligor at the timo, to be £00(1, but which turned out to be oolorahls only.
*383 The practical Construction of this provision ever since* has been, that all pleadings in writing in technical form, were dispensed with in the circuit Courts, on appeals from justices of the peace It is then evident, that from the date of this provision in 1812, till the passage of the act in 1815, requiring an oath to such pleas, it was not neressary for a defendant against such notes on appeals to file á plea impeaching the consideration of the noté* supported by oath or affirmation. The question then brings itself down to the construction of the act of 1815, requiring the oath to such plea; if it has made such requisition as to notes tried in the circuit courts on appeals from justices of the peace, theft Such oath was necessary in these cases; if it has toot doné so, then these and all such cases are left to be fried without pleas impeaching the consideration by oath, as they were before the act which required the plea and the oath.
This latter act does not add the necessity of & special plea in any case where it was unnecessary before, but Simply provides that where the defendant shall, by special plea, in any action founded oa a note* pursuant to the act of 1801* impeach or go into the consideration, he shall support the truth of such pléa by oath or affirmation, and of course, as such plea was then, unnecessary on appeals, the act does not apply, and such cases remain as before, and all defendants against notes above five pounds, and not exceeding fifty dollars, are a privileged class, exempt from supporting such pleas by oath.
But it is further insisted, that as the defendant below in these cases did file a special plea impeaching the notes, he ought to have been bound by it, and not to have been permitted to give evidence supporting a different plea, which here was done.
We wili here remark, that the pleas in these cases Were supported by affidavit, and the foregoing reasoiling is predicated upon, the fact of these pleas not setting forth matter which the evidence offered could support, which we readily concede. For cer *384 tainty, picas which alleged that the notes were given for no good and valuable (Consideration, but were-voluntary, could not let in proof going to shew that there was a consideration supposed to be good at - the time, by the maker of the notes, and which, on examination, turned out to be colorable only, or of no value, or had subsequently failed.
If, on an appeal to tho circuit court, the plaintiff declare and the issue be made up in writing, tho evidence must bo confined to it.
For tho purpose of a fail-trial, tho court may ¡compel either party to dis, close to his adversary, his demand or defence, and afterwards the evidence will bo confined accordingly.
If, where ■ there is no declaration, defendant voluntary * plead in writing, he will be confined to tho issue on bis plea.
Although a declaration and subsequent pleadings are dispensed with by the ant, yet they are not forbidden, audit is Competent for the plaintiff'in the warrant, to file a declaration, and the defendant,' his picas, and the plaintiff to reply, and soon till, the issue is formed, if the parties so choose. Arid if they were -to do so, it would be most consonant to the. principles of law, that the parties should be compelled to keep their evidence within such issue* than to permit either to surprise, the other by travellirigoutof it and introducing different matter.
Add to this, that the art of assembly which dispenses with pleading, contains an exception by way of proviso, which authorizes the court to make any order necessary to insure a fair trial. Now, as the object of this is to secure a fair trial, it must be such orders as are necessary to guard against surprise; and we cannot doubt, that the court to which such appeai is taken; may, under this authority; compel either party to dhelóse tó his adversary by written statements, the points on which he means to rely; and if he should make -this disclosure, we conceive he would be bound by it, and compelled to keen within it, in adducing his proof.
If we are right in this, it is easy to perceive why the parties should not be subject to the same restrictions, where they have done voluntarily, as in these cases, what the. rourt might have compelled them to do on the application, of either. As the parfj? then had here filed his pleas, to which his adversary had replied on his part, it cannot be construed less than an undertaking by each to abide by the grounds which they had taken, and that they ought to have been restricted to it, and consequently The evidence, did not support the ground on which the defendant below had engaged to rely, and his *385 evidence ought, for this cause, to have been eluded CX-
Triplett for plaintiff; Monroe for defendant.
Each case must, therefore, be reversed with costs, and the cause be remanded for new proceedings, not inconsistent with'this opinion.